# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 646 | **DATE** | 5/15/2013 |
| **CASE TITLE** | LYNDON B. SMITH (N82615) v. RANDY GROUNDS | | |

**DOCKET ENTRY TEXT**

Lyndon Smith's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 [1] is denied. No certificate of appealability is issued. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On September 14, 2007, Smith was arrested for burglary. Thirty-three days later, on October 17, 2007, a grand jury in the Circuit Court of Cook County indicted him. Smith moved to dismiss the indictment as untimely under 725 ILCS § 5/109-3.1, which requires an indictment to be filed within thirty days after an arrest. The trial court denied the motion, holding Smith failed to show the untimely indictment was prejudicial. Following a jury trial, Smith was convicted of burglary and sentenced to a 15-year term of imprisonment.

After unsuccessfully challenging his sentence on direct appeal, Smith filed a *pro se* post-conviction petition under 725 ILCS § 5/122-1, *et seq.*, asserting the indictment violated the due process clause because it was filed more than thirty days after his arrest. The trial court held Smith waived this claim by failing to raise it on direct appeal and summarily denied the petition without reaching the merits in the alternative. Dkt. 14, Resp. Ex. O at C24 ("because petitioner failed to raise this issue on direct appeal, it is now waived and precluded from consideration thereof."). The Illinois appellate court affirmed and the Illinois Supreme Court declined to allow Smith to pursue a discretionary appeal.

In his § 2254 petition, Smith contends the state courts' denial of his motion to dismiss the indictment violates the federal constitution. Under the independent and adequate state ground doctrine, this court may not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254(b)(2). A state law ground is independent when "the state court actually relied on a state rule sufficient to justify its decision" and is adequate when the state court applies the rule "in a consistent and principled way." *Prihoda v. McCaughtry*, 910 F.2d 1379, 1382-83 (7th Cir. 1990). Waiver is an independent and adequate state procedural

(continued)

| | Courtroom Deputy Initials: | MG |
|---|---|---|

ground for dismissal. *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010). The state court explicitly relied on waiver when rejecting Smith's arguments about the indictment's timing. Thus, Smith's indictment claim is procedurally defaulted based on the independent and adequate state ground doctrine.

A federal court may not grant relief on a procedurally defaulted claim unless the petitioner shows cause for the default and actual prejudice as a result of the alleged violation of federal law or that the failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *Coleman v. Hardy,* 628 F.3d 314, 318 (7th Cir. 2010). Cause exists where an "objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene,* 527 U.S. 263, 282 n.24 (1999). Smith failed to raise his due process claim on direct appeal. As the record does not show that an objective factor prevented him from doing so, cause does not excuse his default.

Nor can he establish cause by blaming his direct appeal counsel for the default, as he did not present an ineffective assistance claim through one complete round of state court review. *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003). "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000). Smith cannot satisfy this standard. He also cannot use his *pro se* status during portions of the state court proceedings or before this court to excuse the default. The Seventh Circuit has "specifically rejected the argument that a petitioner's *pro se* status alone constitutes cause in a cause-and-prejudice analysis." *Smith v. McKee,* 598 F.3d 374, 385 (7th Cir. 2010) (collecting cases). As Smith cannot establish cause, the court will not address prejudice. *Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010).

The court next considers the fundamental miscarriage of justice exception to procedural default. This applies in "situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen,* 301 F.3d 758, 767 (7th Cir. 2002) (*citing Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To show actual innocence, a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* The exception is inapplicable to Smith. He contends the indictment's timing violated his right to due process, not that he is innocent. Accordingly, Smith's indictment claim is procedurally barred.

Smith's claim also is meritless as "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The 30-day deadline at the heart of his claim is prescribed by Illinois law. 725 ILCS § 5/109-3.1(b) ("Every person in custody in this State for the alleged commission of a felony shall receive . . . an indictment by Grand Jury . . . within 30 days from the date he or she was taken into custody."). Moreover, Smith cannot successfully recast his state law claim as a federal due process violation. "[I]n extraordinary circumstances, the Fifth and Fourteenth Amendments' Due Process Clauses protect a defendant from oppressive and prejudicial preindictment delays." *Aleman v. Honorable Judges of the Cir. Ct. of Cook Cnty.*, 138 F.3d 302, 309 (7th Cir. 1998) (citing *United States v. Lovasco*, 431 U.S. 783, 789-90 (1977)). A preindictment delay violates due process if it causes "actual and substantial prejudice." *Id.* To meet this standard, a delay must materially affect a defendant's ability to secure a fair trial. *Id.* at 310. Smith does not and cannot argue that the 3-day delay impacted his trial. *See Wilson v. McCaughtry*, 994 F.2d 1228, 1234 (7th Cir. 1993) (rejecting due process claim based on a 16-year preindictment delay). He also does not and cannot argue that the indictment was barred by the statute of limitations. *See* 720 ILCS § 5/3-5(b) (the

(continued)

statute of limitations for prosecuting a felony is at least three years); *United States v. Baker*, 40 F.3d 154, 157-58 (7th Cir. 1994) (although the statute of limitations does not fully define a defendant's preindictment rights, it reflects a legislative judgment that the defendant can adequately defend himself if prosecuted within the limitations period). Therefore, even if Smith's claim was properly before the court, it would still fail.

The court declines to issue a certificate of appealability. Smith has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists debate whether the court's procedural rulings were correct. *See* 28 U.S.C. § 2253(c)(2); *Slack v McDaniel*, 529 U.S. 473, 484 (2000); *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

*Suzanne B. Conlon*